```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DANIEL LEBAN, JR.                              CIVIL ACTION

VERSUS                                         NO: 11-2005

MATER DOLOROSA APARTMENTS                      SECTION: R(5)

## ORDER AND REASONS

Before the Court is defendant The Apartments at Mater Dolorosa's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, failure to state a claim, insufficiency of process, and insufficient service of process.[1] Because the Court finds that there is no basis for subject matter jurisdiction, defendant's motion is GRANTED.

### I.  BACKGROUND

Daniel Leban Jr. filed a complaint *pro se* and *in forma pauperis* on August 16, 2011.[2] The complaint states:

> Beans as though the Housing Authority of New Orleans, shows not to mediate the problems that I have with the Apartments at 1226 South Carrollton Ave, instead the housing authority decided to turn it over too Louisiana Department of Justice, I Daniel ask for a mediator to attempt to resolve this housing eschew that I have, but the management at 1226 South Carrollton Ave shows not to accept the mediator therefore I Daniel will pursue other option such as the Courts.

---

[1]     R. Doc. 12.

[2]     R. Doc. 1.

The Apartments at Mater Dolorosa now move to dismiss plaintiff's complaint for lack of jurisdiction, failure to state a claim, insufficient process and insufficient service of process. Plaintiff opposes defendant's motion.

**II. STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, subject matter jurisdiction must be decided first because "the court must find jurisdiction before determining the validity of a claim." *Moron v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject

matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

A federal court may not entertain a case unless authorized to do so by the Constitution and legislation.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  The jurisdiction of federal courts extends to actions that involve a federal question, diversity suits, admiralty actions, suits against foreign states, and bankruptcy proceedings.  *See* 28 U.S.C. §§ 1330-34.  Moreover, there is a presumption against subject matter jurisdiction "that must be rebutted by the party bringing an action to federal court."  *Id.*

## III. DISCUSSION

Leban does not allege a basis for jurisdiction in his complaint.  Nevertheless, because Leban is a *pro se* litigant, the Court construes his complaint liberally.  *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

The Court finds that plaintiff has not alleged a basis for federal question jurisdiction under 28 U.S.C. § 1331.  Federal question jurisdiction is governed by the well-pleaded complaint

rule which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 12, 123 S.Ct. 2058, 2065 (2003) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987)); *see also Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272 (2009) (explaining that "a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].") (internal citations omitted). Plaintiff's complaint does not refer to any federal law or cause of action. Indeed, even when construed liberally, it is hard to make out any cause of action within Leban's complaint, much less one that arises under federal law.

In addition, there is no diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Plaintiff's allegations do not establish the parties'

4

citizenship and diversity, nor does plaintiff allege that the amount in controversy is greater than $75,000. Accordingly, the Court finds that there is no basis for diversity jurisdiction.

**IV. CONCLUSION**

Because the Court finds that it does not have subject matter jurisdiction, the defendant's motion is GRANTED and Leban's action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this <u>8th</u> day of December, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE